

In The
Court of Appeals
Seventh District of Texas at Amarillo

_____

No. 07-13-0011-CV
_____

In the Interest of J.M., D.M., J.M., Children

On Appeal from the County Court at Law No. 1
Randall County, Texas
Trial Court No. 8862-L1, Honorable James W. Anderson, Presiding

April 9, 2013

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Dustin appeals the termination of his parental rights to his three minor children, J.M., D.M., and J.M. He contends that 1) the evidence was legally and factually insufficient to show that termination was in the best interest of the children, and 2) the trial court erred in admitting hearsay evidence. We affirm the order of termination.

*Standard of Review*

We review the trial court's decision under the standard discussed in *In re J.F.C.*, 96 S.W.3d 256, 266-67 (Tex. 2002) and *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002). In

considering the best interest of the children, we look to the *Holley* factors. They include, among other things, 1) the desires of the children, 2) the emotional and physical needs of the children now and in the future, 3) the emotional and physical danger to the children now and in the future, 4) the parental abilities of the individuals seeking custody, 5) the programs available to assist those individuals to promote the best interest of the children, 6) the plans for the children by those individuals or by the agency seeking custody, 7) the stability of the home, 8) the acts or omissions of the parent indicating that the existing parent/child relationship is not a proper one, and (9 any excuse for the acts or omissions of the parent. *In re P.E.W.,* 105 S.W.3d 771, 779-80 (Tex. App.–Amarillo 2003, no pet.). It is not necessary that each factor favor termination, *id.* at 790, and the list is not exclusive. *In re C.J.F.,* 134 S.W.3d 343, 354 (Tex. App.–Amarillo 2003, pet. denied).

The record before us discloses the following. On July 8, 2011, the Department of Family and Protective Services (the Department) took custody of the children[1] because of allegations that Dustin was using drugs (due to a positive drug test conducted by his probation officer) and that he was allowing the children to go unsupervised to a swimming pool.[2] Dustin admitted at the time to using methamphetamine.

During the first year of the Department's intervention, Dustin substantially completed his service plan which included undergoing a psychological evaluation, counseling, parenting classes, and drug treatment. It also required him to visit his children and maintain stable housing and employment for six months, which he did. But

---

[1]The children were aged nine, six, and four on the date of trial.

[2]The children were not living with their mother and she did not attempt to work her service plan. Her rights were terminated, and she has not appealed.

as time approached for the children to be returned, he began using methamphetamine again, opted to forego help to ameliorate the relapse, and most importantly, discontinued visitation with his children and contact with the Department for the five months between his relapse and trial. The Department also learned that Dustin was in jail because the State was seeking to revoke his deferred adjudication probation that he was serving.

To the foregoing, we add evidence that Dustin 1) tested below average on his IQ test which would make it a struggle for him to work and support himself, 2) misrepresented that he rarely used alcohol and had not used marijuana in the last ten years, 3) believed that his drug use did not affect his ability to parent his children even though he admitted that he and his wife had regularly used drugs throughout their ten years together, 4) was prone to conflicts with authority, impulsive, self-centered, and manipulative, 5) admitted drinking two cases of beer on weekends and using marijuana, methamphetamine, and cocaine, 6) was overconfident in believing he could recover from his drug use, 7) was not absorbing and applying concepts presented as part of his recovery, 8) was a felon, 9) failed to show that he obtained a larger apartment as suggested by the Department to secure the return of the children, 10) was unable to demonstrate he had learned from his service plan, 11) continued to use drugs, and 12) failed to seek help after his relapse. So too was there evidence that 1) one child was afraid of returning to his father's care, though others were not, 2) the children were doing well together in a foster home, 3) the plan was for them to be placed for adoption in the future, and 4) the relatives were either unwilling to assume responsibility or

unsuitable for the children. Finally, several testifying experts voiced concern over Dustin's ability to be a good parent.

The foregoing litany is more than ample to insulate from attack (as legally or factually insufficient) the finding that termination was in the children's best interest. The issue is overruled.

*Admission of Hearsay Evidence*

Next, Dustin argues that the trial court erred in permitting Kimber Thompson, an investigator for the Department, to testify to conversations she had with J.M. and D.M. with respect to their father. In those conversations, J.M. allegedly told her that Dustin was caught using drugs when he went to the probation office, that his father smoked something out of a pipe called a "weed," and that they sometimes go to the swimming pool without adult supervision. D.M. allegedly told Thompson about his father smoking on the patio and the presence of drugs under the bed.[3] Assuming *arguendo* that this evidence was inadmissible hearsay, we find no harm and overrule the issue. *See* TEX. R. APP. P. 44.1(a) (requiring a determination that the error probably caused the rendition of an improper judgment before the judgment can be reversed).

The utterances were redundant of other evidence admitted without objection. For example, the record is replete with unobjectionable testimony about Dustin's drug use. It also contains testimony from an expert that Dustin acknowledged the likelihood that he failed to adequately supervise his children which instances included supervision at the pool. Consequently, the alleged hearsay was harmless. *See Volkswagen of*

---

[3]No objection was made to that particular evidence so it is not preserved. *Service Corp. Intern. v. Guerra,* 348 S.W.3d 221, 234 (Tex. 2011) (stating that error is preserved with respect to the admission of evidence if the opponent makes a timely specific objection and obtains a ruling).

*America, Inc. v. Ramirez,* 159 S.W.3d 897, 907 (Tex. 2004) (stating that error is waived or harmless if the same or similar evidence is introduced elsewhere without objection); *see also State v. Central Expressway Sign Associates,* 302 S.W.3d 866, 870 (Tex. 2009) (stating that error in the admission of evidence is likely harmless if it is cumulative of other evidence).

Accordingly, we affirm the order of termination.


Brian Quinn
Chief Justice